**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Larry E. BROWN, Defendant–Appellant,**

Barry SNOW; Holly Innerfield; Estate of Joyce J. Brown; Cynthia C. Irwin, Defendants–Appellees.

No. 01–3242.

United States Court of Appeals, Sixth Circuit.

March 6, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; BOGGS and DAUGHTREY, Circuit Judges.

Larry E. Brown (Brown), a pro se litigant, appeals a district court judgment on the pleadings in favor of Defendants Barry Snow, Holly Innerfield, Cynthia C. Irwin, and the Estate of Joyce J. Brown. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The events giving rise to this case began in June 1996, when Larry Brown's wife, Joyce J. Brown, was killed. Brown claimed, and continues to maintain that his wife's death was caused by her accidentally backing her Jeep down a thirty-five-foot embankment, and then becoming engulfed in flames. Brown was tried on charges of murder, arson, and insurance fraud. He was acquitted in the criminal case. In April 1988, Barry M. Snow, administrator of the estate of Joyce J. Brown, initiated a civil case against Larry Brown. A jury ultimately found Brown civilly liable for the intentional and felonious death of his

wife. The Ohio Court of Appeals affirmed that judgment. *Snow v. Brown*, No. 99AP–1234, 2000 WL 1376442 (Ohio App. 10 Dist. Sept.26, 2000). On December 18, 2000, the state probate court filed a decision relying primarily upon the jury's verdict in the civil case. The probate court determined that Brown was barred from benefitting in any manner from his late wife's death. The Ohio Court of Appeals affirmed that judgment as well. *Snow v. Brown*, No. 1AP–243, 2001 WL 1002392 (Ohio App. 10 Dist. Sept.4, 2001).

On August 11, 1998, Metropolitan Life Insurance Company ("Metro") filed a declaratory judgment action for the purpose of determining the beneficiary or beneficiaries of certain death benefits that Metro owed by reason of the death of Joyce J. Brown (the Insured). Metro named as defendants Larry E. Brown, the Insured's estate, Cynthia C. Irwin (attorney for the estate), and the Insured's surviving children. The district court determined that because Brown had been found liable for the intentional and felonious killing of the Insured that he had no right to the insurance proceeds, and that there was no breach of contract claim against Metro. Brown appealed, and this court ordered him to address why he has standing in this court and whether the state court decisions concerning the insurance proceeds preclude his appeal in this case.

■ On appeal, Brown appears to argue that the civil judgment against him in state court was erroneous and therefore, since the district court's decision was based on an erroneous state court judgment, the district court's decision is likewise flawed. Brown also moves to add to the record.

■ Initially, we note that Brown failed to comply with this court's order. In his appellate brief, Brown does not address why he has standing in this court and whether the state court decisions concerning the insurance proceeds preclude his appeal in this case. The requirement of standing is jurisdictional and the burden to establish it persists at every phase of the litigation. *See, e.g., Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 (6th Cir.1996) ("Constitutional standing is always a threshold inquiry for us to make before asserting jurisdiction over an appeal."). Brown has clearly failed to establish standing.

■ In addition, the doctrine of res judicata bars reconsideration of the issues set forth by Brown. Brown does not base his appeal on an incorrect decision made by the district court; rather, Brown argues that he did not receive a fair trial during the state wrongful death action. Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). A state court of competent jurisdiction found by a preponderance of evidence that Brown intentionally and feloniously killed the Insured. *Snow v. Brown*, No. 99AP–1234, 2000 WL 1376442 (Ohio App. 10 Dist. Sept.26, 2000). Moreover, a second court of competent jurisdiction determined that the foregoing judgment was sufficient to prohibit Brown from receiving the proceeds of the life insurance policy. *Snow v. Brown*, No. 1AP–243, 2001 WL 1002392 (Ohio App. 10 Dist. Sept.4, 2001). This court is precluded from reconsidering the propriety of those judgments.

Accordingly, we hereby deny Brown's motion to add to the record and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.