512

METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

Larry E. BROWN; Defendant–Appellant.

Barry Snow; Holly Innerfield; Estate of Joyce J. Brown; Cynthia C. Irwin, Defendants–Appellees.

No. 02–3318.

United States Court of Appeals, Sixth Circuit.

Sept. 6, 2002.

Before KRUPANSKY and CLAY, Circuit Judges; and GWIN, District Judge.*

*ORDER*

Larry E. Brown, an Ohio resident proceeding pro se, appeals a district court opinion and order directing the Clerk of Court to distribute insurance proceeds deposited with the court by Metropolitan Life Insurance Company (Met Life) in accordance with the court's prior order dated February 6, 2001. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This case had its beginnings in August 1998, when Met Life filed a complaint in federal district court seeking a declaratory judgment to determine various defendants' right to life insurance proceeds. Defendant Brown is the insured's surviving spouse and defendants Barry Snow, Holly Innerfield, Charles Snow, and Heidi Snow are the insured's children by a previous marriage. The insured, Joyce Brown, died

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

in June 1996, at which time Met Life became obligated to pay $199,000 plus interest to the person or persons rightfully entitled to the proceeds. Larry Brown submitted a claim for death benefits but Met Life withheld payment because of questions regarding whether he had caused his wife's death. Joyce's incinerated body was found in a Jeep which had gone over an embankment and burst into flames. In 1997, Brown, who asserts that his wife's death was a tragic accident, was tried and acquitted by a jury of murder, arson, and insurance fraud. However, in April 1998, Barry Snow, as administrator of his late mother's estate, filed a civil complaint in the Franklin County (Ohio) Court of Common Pleas, claiming that Brown was responsible for the wrongful death of Joyce Brown. Met Life sought leave to deposit the disputed funds with the Clerk of Court and a court determination as to how the funds should be distributed.

The district court granted a motion for default judgment against Charles and Heidi Snow when they failed to answer the complaint. In July 1997, the Ohio jury found by a preponderance of the evidence that Brown had intentionally and feloniously caused the death of Joyce Brown and awarded $850,000 in compensatory damages to her estate; this verdict was affirmed on appeal. Based on this determination, the state probate court found that Brown was barred from benefitting in any manner from his late wife's death, and that judgment was also affirmed on appeal.

Thereupon, Barry Snow, Holly Innerfield, probate attorney Cynthia Irwin, and the estate presented the district court with a motion for judgment on the pleadings. The district court granted this motion in an opinion and order dated December 27, 2000. The district court found that, in the absence of a criminal conviction, an individual can still be disqualified under Ohio law from receiving life insurance proceeds if a court in a civil proceeding determines by a preponderance of the evidence that the individual "intentionally and feloniously" caused the death of the insured. The court then ruled that the Franklin County jury's verdict in the wrongful death action was sufficient to prohibit Brown from receiving the insurance proceeds. In an order dated January 12, 2001, the district court vacated its December 27, 2000, order, granted Met Life's unopposed motion for leave to deposit the proceeds with the Clerk of Court, dismissed Met Life from the action, and construed Brown's motion for a new trial as one for reconsideration; Brown sought a stay until his appeal to the Supreme Court of Ohio was resolved.

On February 6, 2001, the district court reinstated its December 27th order in light of the Ohio Supreme Court's rejection of Brown's appeal. A panel of this court affirmed the district court's order on the grounds that Brown had failed to establish standing in this court, and that the state court decisions barred reconsideration of this matter under the doctrine of *res judicata*. See *Metropolitan Life Ins. Co. v. Brown*, 31 Fed.Appx. 166 (6th Cir.2002).

After the district court's ruling, Barry Snow and Holly Innerfield moved the court for an order directing the Clerk to distribute to them the funds placed on deposit by Met Life. The district court denied this motion in an opinion and order entered on March 6, 2002, and directed the Clerk to distribute the funds in accordance with the court's order of February 6, 2001.

Larry Brown appealed the district court's order of March 6, 2002, arguing that the order should be vacated because of fraud allegedly perpetrated upon the state courts and because the district court did not address a document filed in that

court relating to a pending Rule 60(b) proceeding in the Franklin County Court of Common Pleas.

Upon review, we affirm the district court's order because Brown lacks standing to appeal the district court's order. "Standing is the 'threshold question in every federal case.'" *Grendell v. Ohio Supreme Court,* 252 F.3d 828, 832 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 355, 151 L.Ed.2d 269 (2001) (quoting *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 494 (6th Cir.1999)). The requirement of standing is jurisdictional and the burden to establish it persists at every phase of the litigation. *See, e.g., Children's Healthcare is a Legal Duty, Inc. v. Deters,* 92 F.3d 1412, 1419 (6th Cir.1996). In order to establish Article III standing, Brown must show that: (1) he suffered an actual or threatened injury in fact; (2) the injury is fairly traceable to the challenged action; and (3) there is a substantial likelihood that the relief requested will redress or prevent the injury. *Grendell,* 252 F.3d at 832.

Brown cannot satisfy the standing requirements in this case. The order appealed from is merely an order enforcing a prior order for disbursement of insurance proceeds that has already been affirmed by this court. While it is arguable that Brown can claim injury due to the fact that he continues to believe he is entitled to the proceeds, his injury is not fairly traceable to the challenged action. Instead, it is traceable to the state court civil judgment that he caused his wife's death and the probate court's ruling that he therefore is not entitled to benefit from that death.

Finally, there is no substantial likelihood that the relief requested will redress or prevent the injury. On appeal, Brown continues to try to attack the state court judgments by alleging that they were obtained by fraud. This court, however, cannot sit in review over state court proceedings. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Med. Planning Servs., Inc.,* 142 F.3d 326, 330 (6th Cir.1998).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.